01
02
03
04
05

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JOSE DE JESUS CRUZ ESPARZA, | ) | |
| | ) | CASE NO. C14-1083-RSM-MAT |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER DIRECTING PARTIES TO |
| JEH JOHNSON, et al., | ) | FILE SUPPLEMENTAL BRIEFING |
| | ) | |
| Respondents. | ) | |
| | ) | |

This is a habeas corpus action pursuant to 28 U.S.C. § 2241. Petitioner is a native and citizen of Mexico. (Dkt. 1.) In July 2013, U.S. Immigrations and Customs Enforcement ("ICE") reinstated a prior order of removal. (*Id.*) After an asylum officer found petitioner's fear of return to Mexico reasonable, an Immigration Judge ("IJ") denied his applications for withholding of removal and protection under the Convention Against Torture. (*Id.*) Petitioner appealed this decision to the Board of Immigration Appeals ("BIA"), and the appeal remains pending. (*Id.*)

Petitioner entered immigration detention at the Northwest Detention Center on July 30, 2013. (*Id.*) On July 14, 2014, petitioner filed the instant habeas petition through counsel,

ORDER DIRECTING PARTIES
TO FILE SUPPLEMENTAL BRIEFING
PAGE -1

seeking an individualized bond hearing before an IJ or, in the alternative, release "from [Department of Homeland Security] custody, either without bond or with bond in a reasonable amount to be determined by this Court." (*Id.* at 10.) On August 11, 2014, petitioner was released from the Northwest Detention Center under an order of supervision. (Dkt. 7-1.) The conditions of petitioner's release under the order of supervision include reporting to ICE as requested for identification or for removal; successfully participating in an Alternative to Detention Program ("ADP"), which involves reporting for orientation in the Intensive Supervision Appearance Program ("ISAP") and wearing an electronic monitoring device; notifying ICE before traveling outside of the State of Washington; and not committing any crimes. (*Id.*)

Respondents have moved to dismiss petitioner's habeas petition, arguing that his release rendered his petition moot. (Dkt. 7.) Petitioner has opposed the motion to dismiss. (Dkt. 8.) He maintains that his petition is not moot because ICE could revoke his release at any time and because his release is subject to a number of conditions, including electronic monitoring. (*Id.*) Petitioner asks the Court to grant his habeas petition and order that he be released from the electronic monitoring program. (*Id.*) In reply, respondents argue that, as a practical matter, petitioner's release would only be revoked if he violated his order of supervision or to effectuate his removal. (Dkt. 9.)

There are a number of issues that are either inadequately addressed by the parties or not discussed at all. The parties do not discuss the statutory authority for petitioner's detention and release. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if

ORDER DIRECTING PARTIES
TO FILE SUPPLEMENTAL BRIEFING
PAGE -2

he wishes to contest the necessity of his detention." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008). Without the benefit of the parties' briefing, it appears that petitioner was detained and released pursuant to 8 U.S.C. § 1226. This is because although petitioner is subject to a reinstated order of removal, his withholding-only proceedings are ongoing. *See Mendoza v. Asher*, No. C14-0811, Dkt. 14 at 2-3 (W.D. Wash. Sept. 16, 2014) (alien subject to a reinstated order of removal is detained pursuant to § 1226(a) while his application for withholding of removal is pending); *Pierre v. Sabol*, No. 1:11-CV-2184, 2012 WL 1658293, at *4 (M.D. Pa. May 11, 2012) (same); *Uttecht v. Napolitano*, No. 8:12CV347, 2012 WL 5386618, at *1-*2 (D. Neb. Nov. 1, 2012) (same); *Castillo v. ICE Field Office Director*, 907 F. Supp. 2d 1235, 1341 (W.D. Wash. 2012) (same). This conclusion informs the Court's discussion below.

A central issue that must be decided in ruling on respondent's motion to dismiss is whether the Court can grant petitioner effective relief. *See, e.g.*, *Cox v. McCarthy*, 829 F.2d 800, 805 (9th Cir. 1987); *Enrico's, Inc. v. Rice*, 730 F.2d 1250, 1254 (9th Cir. 1984). Petitioner's requests for relief have shifted over the course of this litigation. In his habeas petition, petitioner requested a bond hearing before an IJ or release from the Northwest Detention Center, either with or without a bond. (Dkt. 1 at 10.) After he was released from detention, he asked for an order releasing him from the ISAP electronic monitoring program. (Dkt. 8 at 7.) Given petitioner's new request for release from ISAP, it is unclear whether he is still seeking the original relief requested.

In addition, there are issues with all of the forms of relief petitioner raises. First, the Court cannot effectively order petitioner released from detention when he has already been

released. And although petitioner complains about the conditions of his release and maintains that he has not been given all of the relief requested, the Court does not have jurisdiction to affect the terms of his order of supervision. *See* 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."); *see also Nguyen v. B.I. Inc.*, 435 F. Supp. 2d 1109, 1114-16 (D. Or. 2006) (ISAP program is within ICE's authority and does not violate petitioners' constitutional rights).

Second, it makes little sense to grant petitioner a bond hearing while he is out of detention, and petitioner has cited no case ordering such a remedy. Thus, as a practical matter, petitioner would not receive a bond hearing unless his order of supervision is revoked. *See Centeno-Ortiz v. Culley*, No. 11-cv-1970, 2012 WL 170123, at *9 (S.D. Cal. Jan. 19, 2012) (conditionally granting petitioner's habeas petition so that if his "current parole is revoked and he is taken back into DHS custody as an 'arriving alien' subject to mandatory detention, and provided the Government does not have some other independent statutory basis to detain him, the Government shall provide Petitioner with an individualized bond hearing before an immigration judge, where the Government will have the burden of establishing that Petitioner should not be released because he is either a flight risk or will be a danger to the community").

The parties also fail to fully develop the record regarding respondents' ability to revoke petitioner's release on supervision. Without citing any authority, petitioner asserts that respondents may detain him at any time. It appears that petitioner's assertion is based on § 1226(b), which provides that "[t]he Attorney General at any time may revoke a bond or parole

authorized under subsection (a) of this section, rearrest the alien under the original warrant, and detain the alien." Respondents argue that, as a matter of practice, they will only re-detain petitioner under two conditions: violation of the conditions of his order of supervisions, or to effectuate his removal. (Dkt. 9 at 3 n.2.) Respondents do not support this argument with citation to any authority or evidence in the record.

Respondents' ability to revoke petitioner's release is relevant because the Ninth Circuit has found that a petitioner's request for a bond hearing is not mooted by his release where the government retains the discretionary authority to terminate the release and where the release was subject to restrictions including electronic monitoring and a curfew. *Rodriguez v. Hayes*, 591 F.3d 1105, 1117-18 (9th Cir. 2010); *see also Diouf v. Napolitano*, 634 F.3d 1081, 1084, n.3 (9th Cir. 2011) (petitioner's release on bond did not moot habeas petition seeking bond hearing because government could redetain petitioner and deny him a bond hearing at any time, and government offered no assurance that petitioner would not be redetained); *Nadeem v. Crawford*, 465 Fed. Appx. 659, 660 (9th Cir. 2012) ("Nadeem's release subject to an order of supervision does not render his habeas petition moot where his release may be revoked at any time in an exercise of discretion, *see* 8 C.F.R. § 241.4(l)(2)(i), and is contingent on electronic monitoring, scheduled and unscheduled meetings with a detention officer, and a curfew."). However, the Ninth Circuit has found that a declaration from the appropriate government official attesting that a petitioner would be redetained only under specific, non-discretionary conditions, rendered his petition moot. *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991). In this case, respondents' assertions that petitioner will be redetained in only two non-discretionary situations, does not satisfy the evidentiary requirements established in

*Picrin-Peron*. *See id.* (government's promise not to redetain petitioner absent specific, non-discretionary conditions was insufficient; however, declaration from appropriate government official satisfied the court that the alleged wrong would not recur).

Based on the foregoing, the Court finds and ORDERS as follows:

(1) By **October 6, 2014**, petitioner shall file with the Court a statement of the specific relief he is requesting in this habeas action. The statement shall operate as a *complete* substitute for the relief requested in his habeas petition (Dkt. 1) and opposition to respondents' motion to dismiss (Dkt. 8). If he is requesting a bond hearing, he should indicate when such a bond hearing would be appropriate (i.e., immediately upon grant of his habeas petition, only if he is redetained, etc.). The statement should not include any legal argument.

(2) By **October 20, 2014**, respondents shall file a supplement to their motion to dismiss that addresses the following:

(a) Are there any relevant updates regarding petitioner's administrative proceedings, in particular his withholding-only proceedings and his appeal of his denied request for a bond hearing?

(b) What is the statutory basis for respondents' authority to detain and release petitioner? Do respondents concede that, under these provisions, they retain the discretionary authority to revoke petitioner's supervised release? What is the legal and/or evidentiary basis for respondents' assertion that petitioner will be redetained only to effectuate his removal or if he violates his order of supervision? (*See* Dkt. 9 at 3 n.2.)

(c) If your responses to (b) above do not address petitioner's detention and release under 8 U.S.C. § 1226(a), assume that this statute and the corresponding regulations

ORDER DIRECTING PARTIES
TO FILE SUPPLEMENTAL BRIEFING
PAGE -6

apply. Under these provisions, do respondents concede that they retain the discretionary authority to revoke petitioner's supervised release?

        (d)    In light of petitioner's statement of relief filed in response to this Order, are there additional arguments regarding mootness that respondents would like to raise? Respondents should not reiterate arguments already made to the Court, but may set forth new arguments, if appropriate.

        (e)    Is there an administrative procedure for petitioner to contest the terms of his supervised release? If so, has petitioner followed these procedures?

        (f)    Assuming petitioner's habeas petition is not moot, should the Court grant his requested relief?

    (3)    By **November 3, 2014**, petitioner shall file a response to respondents' supplemental brief, which addresses the questions outlined above.

    (4)    Respondents' reply, if any, shall be due **November 7, 2014**.

    (5)    The Clerk is directed to RE-NOTE respondents' motion to dismiss (Dkt. 7) for **November 7, 2014**. The Clerk is further directed to send a copy of this order to the Honorable Ricardo S. Martinez.

DATED this <u>30th</u> day of September, 2014.

*[signature]*

Mary Alice Theiler
Chief United States Magistrate Judge

ORDER DIRECTING PARTIES
TO FILE SUPPLEMENTAL BRIEFING
PAGE -7